UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00396-MR

| QUANTERIUS HOMMIE WHATLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| GARY MCFADDEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 10].

**I.     BACKGROUND**

Pro se Plaintiff Quanterius Hommie Whatley ("Plaintiff") is a pre-trial detainee currently held at the Mecklenburg County Detention Center in Charlotte, North Carolina. Plaintiff filed this action on August 2, 2021, pursuant to 42 U.S.C. § 1983, against Defendant Gary McFadden, identified as the Sheriff of Mecklenburg County, in his individual and official capacities. [Doc. 1 at 2]. Plaintiff alleges as follows:

> I was in pod 5100 when a staff member employed by Sheriff McFadden left the cross gate unlocked which allowed a Inmate to come from the other side and

> stab me multiple of times. this occurred in the
> Mecklenburg County Jail on 7/7/2021 around 10:45
> am through 11 am.

[Id. at 4 (errors uncorrected)]. For injuries, Plaintiff claims he sustained three deep stab wounds to his head, a deep cut on his left hand, and a cut on his left eye. [Id. at 5].

Plaintiff purports to seek relief under § 1983 for "emotional distress & negligent infliction of emotional distress, culpable negligence, hazardous negligence, [and] failure to maintain a safe environment." [Id. at 3]. Plaintiff, however, does not claim a particular constitutional violation. [See id.].

For relief, Plaintiff seeks $960,000.00 in damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Although Plaintiff does not allege that his constitutional rights were violated, his Complaint may be fairly read to implicate his rights under the Fourteenth Amendment to the Constitution based on the failure to protect. See Ervin v. Mangum, 127 F.3d 1099, at *4 (4th Cir. 1997) (Table Decision). Plaintiff's Complaint, nonetheless, fails initial review.

Plaintiff names only Defendant McFadden as a Defendant in this matter. Suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, Plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of

federal law.  See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S. Ct. 2427, 2433-34 (1985) (discussing same).  Plaintiff makes no such claim here.  As such, Plaintiff has failed to state a claim against Defendant McFadden in his official capacity.

Plaintiff also fails to state a claim against Defendant McFadden in his individual capacity.  The doctrine of respondeat superior does not apply in actions brought under § 1983.  See Monell, 436 U.S. at 694.  Rather, to establish liability under § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).  Here, Plaintiff has not alleged that McFadden acted personally, only that an employee of Defendant McFadden left a gate unsecured.

The Court will, therefore, dismiss Defendant McFadden as a Defendant in this matter and allow Plaintiff an opportunity to amend his Complaint to state a claim for relief against a proper defendant regarding a constitutional violation, if Plaintiff so chooses.

## IV. CONCLUSION

For the reasons stated herein, the Court will allow Plaintiff to amend his Complaint to state a claim against a proper defendant regarding a constitutional violation, if Plaintiff so chooses. Defendant McFadden will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant Gary McFadden is **DISMISSED**. See 28 U.S.C. §§ 1915(e); 1915A.

The Clerk is respectfully instructed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

**IT IS SO ORDERED**.

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge